Turney, J.,
delivered the opinion of the Court.
*13 The demurrer to the plea, in abatement of the plaintiff in error, was improperly sustained by the Circuit Court.
The defendant in error commenced suit by attachment, in the Circuit Court of Knox County. A counterpart was issued to Jefferson County. The affidavit for the attachment recites that, "William Boon is justly indebted to Mary Rahl, wife of A. Rahl, about the Sum of four thousand six hundred dollars, of which sum about sixteen hundred dollars is now due — the notes of equal amount, for the remaining three thousand dollars, maturing in about one, two and three years from the 4th day of November, 1865; that the said William Boon has fraudulently disposed of, or is about fraudulently to dispose of, his property, as affiant is informed and believes,” etc., etc.
This suit was commenced on the 15th of November, 1865.
At the February Term, 1866, the plaintiff in error filed the following plea in abatement:
William Boon v. M. Rahl and Adolph Rahl.
“In the Circuit Court of Knox County, Tenn., February Term, 1866.
“And the defendant, William Boon, in his own proper person, comes and defends, &c., when, &c., and prays judgment of the original and counterpart writs of attachment in this cause, &e., because he says he had not fraudulently disposed of his property or any part thereof, nor was he about fraudulently to dispose of his *14 property or any part thereof, at the time of the issuance df- said writs or either of them, or at any other time before or since that time, as in and by the affidavit of said writ is most falsely and erroneously alleged; and this, he prays, may be enquired of by the country, whereupon he prays judgment, that the said original and counterpart attachment may be quashed.”
The defendant in error demurred to this plea, and assigned the following causes, with others not necessary to consider:
1st. That by his appearance,. the Court acquired jurisdiction of the plaintiff in error; therefore, he cannot object to the process of attachment.
2d. The plea concludes to the country, when it should have concluded with a verification.
3d. Because the plea does not allege that the other causes mentioned in the Code, authorizing the issuance of attachments, besides the causes mentioned in the plea, did not exist.
As to the first cause, we answer: A plea in abatement can only be pleaded in proper person; and it would be a contradiction in terms to hold that the appearance of a defendant, to make such a plea, waived his right to make it.
As to the second: The conclusion to the country was right, under the strictest rules of pleading, notwithstanding the general rule, that pleas in abatement must conclude with a verification. This is because such pleas usually present new matter. The matter of the plea, here, is responsive to and negatives the allegation of *15 the affidavit upon which the attachment issued, and which are the foundation of the right of action of the defendant in error. The defendant in error was entitled to traverse the right of action. He proposes no issue not tendered by the defendant in error, and simply proposes to controvert that offered — remaining on the defensive, requiring by his plea, the defendant in error to maintain by proof his affirmative charges.
As to the third cause; there is nothing calling upon the plaintiff to negative any grounds of attachment, except those recited in the plea. They are the grounds upon which the affidavit is based. If the plea had negatived the other causes mentioned in the Code, the plaintiff in error would have pleaded matter foreign and immaterial, as well as tendered a plea objectionable for duplicity.
Upon the Court sustaining the demurrer, the plaintiff in error declined to plead over. This was right. Judgment by default, for want of a plea, was had, and the case brought into this court by writ of error.
The judgment of the Circuit Court is reversed, the demurrer overruled, and the cause remanded for issue and trial, upon the plea in abatement.